# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>SABIL M. MUJAHID,<br><br>        Defendant. | 3:09-cr-034-TMB-JDR<br><br>**<u>SECOND ORDER REGARDING MOTION(S) FOR LEAVE TO CONDUCT DISCOVERY (§ 2255)</u>**<br>**<u>and</u>**<br>**<u>MOTION FOR RECONSIDERATION</u>**<br><br>(Docket No. 157, 163, 164) |

Defendant **Sabil M. Mujahid** has filed a second motion for leave to conduct discovery. Docket 163. The government has moved the court to reconsider

its order (Docket 162) addressing the defendant's first motion for leave to conduct discovery. Docket 164.

## Motion to Reconsider, Docket 164

The court first addresses the government's request for reconsideration which essentially argues that the defendant is entitled to no discovery because the government had no obligation to provide impeachment information as to Gregory Tseboate who was called as a witness for the defense and not the government. The court is well aware that Tseboate was not called as a government witness at trial. The Ninth Circuit Court of Appeals declined to address the Brady/Napue issues raised on appeal in this case because the issue presents allegations of fact outside the trial court record. An issue in the § 2255 proceedings is whether exculpatory or impeaching evidence was illegally withheld by the government from the defendant for his use at his trial. The credibility of Tseboate was significant at trial in determining the ownership of the firearm and ammunition that Mujahid had in his possession.

The § 2255 Motion raises issues of material fact regarding the government's due process duty to disclose exculpatory material to the defense. A determination of whether any previously undisclosed information is "material" to guilt or innocense entitles the defendant to collateral relief is preserved for the evidentiary hearing and arguments of counsel. Information is "material" if had the evidence

been disclosed to the defense, there is a "reasonable probability" that the result of the trial would have been different. *See* United States v. Bagley, 473 U.S. 667, 682 (1985) and cases cited in the defendant's briefing. The defendant has made a sufficient showing for the need for discovery as granted.

The focus is on the fairness of the trial and not on the good or bad faith of the prosecutor. Brady v. Maryland, 373 U.S. 83, 87 (1963). In its motion for reconsideration the government states that none of the information Mujahid seeks about Tseboate is material to his guilt or innocense. This may or may not be so, but it is premature for the court to resolve that argument.

The court declines to vacate the Order for leave to conduct discovery at Docket 162. However, that Order is amended as follows: That part of the Order directing the government to identify by name "Jane Doe 10" and "Jane Doe 13" relating to Request No. 5 in Docket 157 is hereby vacated. The court will, if requested, revisit this request after conducting an in camera review of material pertaining to those persons before considering the evidence adduced at the evidentiary hearing on the § 2255 motion. In all other respects the Order at Docket 162 shall stand.

To the extent that the government is concerned about its work product being produced or the production of material that may be subject to a privilege to prevent its disclosure then the government should present such material in response

to the discovery order to the magistrate judge for an in camera review. Except as stated above the government's Motion for Reconsideration is hereby denied.

**Motion for Additional Discovery**, Docket 163

The defendant has submitted a second motion for leave to conduct discovery. Request No. 1 seeks information relating to the government's civil and/or criminal investigation of Tseboate as to alleged fraud of obtaining money from the Department of Homeland Security or other government agency in the aftermath of Hurricane Katrina. The court file in United States v. Gregory McGruder, 3:08-cv-00241-JWS is closed but not sealed. The defense can pursue that information on its own. The defendant requests material from the government relating to their evaluation of the evidence against Tseboate in order to take legal action against him as well as all documents or recordings relating to Tseboate regarding possible fraud in obtaining disaster relief assistance. These requests are overly broad and not designed to solicit only information related to this § 2255 motion.[1] Request No. 1c. is likewise too broad and does not clearly designate whether the request is referring to the government's investigation of Tseboate or Mujahid.

Request No. 2 seeking all written and summaries of oral communications between the government and Tseboate before June 19, 2009

---

[1] The Criminal Case of United States v. Tseboate, 3:09-cr-0054-TMB is closed and not under seal.

related to possible income tax fraud and/or tax evasion is similarly not limited to material affecting this § 2255 proceedings. Request Nos. 1 and 2 are hereby denied. Any further discovery requests must await the outcome of the evidentiary hearing which is presently set for **February 29, 2012**.

DATED this 10TH day of February, 2012, at Anchorage, Alaska.

_/s/ John D. Roberts_
JOHN D. ROBERTS
United States Magistrate Judge